1  Rachel M. Dollar, SBN 199977
   SMITH DOLLAR PC
2  Attorneys at Law
   404 Mendocino Avenue, Second Floor
3  Santa Rosa, California 95401
   Telephone: (707) 522-1100
4  Facsimile: (707) 522-1101

5  Attorneys for Defendant Aurora Loan Services, LLC,
   erroneously sued as Aurora Loan Services,
6  a Lehman Brothers Company

7

8                      UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

| | |
|---|---|
| SCOTT K. ZIMMERMAN, JUDY A. ZIMMERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, A LEHMAN BROTHERS COMPANY, a business entity; DIABLO FUNDING GROUP INCORPORATED, a California corporation; FIRST AMERICAN LOANSTAR, a business entity form unknown; AND ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO, and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: C 08-3731 MHP<br><br>EX PARTE APPLICATION FOR ORDER ALLOWING FILING OF MOTION TO DISMISS PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION; [PROPOSED] ORDER<br><br>[Local Rule 7-10; MHP Standing Order, No. 4]<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom:  15, 18th Floor<br><br>Judge: Hon. Marilyn H. Patel<br><br>Action Filed: July 21, 2008 |

## EX PARTE APPLICATION

TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:

Please take notice that Defendant Aurora Loan Services, LLC, erroneously sued as Aurora Loan Services, a Lehman Brothers Company (hereinafter referred to as "Aurora" or "Defendant") hereby applies to this Court on an *ex parte* basis for an Order allowing Defendant to file and have heard a motion to dismiss Plaintiffs' Complaint and/or to strike Plaintiffs' request for punitive



- 1 -

damages therein. This *ex parte* Application is made pursuant to and based upon Local Rule 7-10 and Chief Judge Marilyn H. Patel's Standing Order No. 4. The Application is made on the grounds that, since Plaintiff has brought causes of action in equity, contract, statutory violation and tort; and since such causes of action as against Aurora fail to state a claim for legitimate relief, are barred as a matter of law, or otherwise are insufficient to avoid dismissal; and since without dismissal, Aurora will be unnecessarily and gratuitously prejudiced by any further defense of this matter, including at and beyond the initial case management conference; a motion to dismiss may and should be allowed by the Court, prior to the initial case management conference. In the event that the Court denies the relief, Aurora seeks an order extending the time for it to file its initial responsive pleading in this matter until twenty days following the initial case management conference.

The Application will be based on this Notice, the attached Memorandum of Points and Authorities and upon all pleadings, papers and documents on file herein, as well as any oral argument that may be heard by the Court with regard to this Application, or any matters of which judicial notice is requested and/or has been taken previously in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Aurora Loan Services, LLC ("Aurora") respectfully submits the following points and authorities in support of its Ex Parte Application for Order Allowing Motion to Dismiss To Be Filed Before Initial Case Management Conference:

### I. FACTUAL BACKGROUND

Plaintiffs filed their Complaint in the Superior Court of Contra Costa County on July 21, 2008. Aurora became aware of the filing and filed a Notice of Removal with this Court and the state court on August 5, 2008. None of the other defendants have yet appeared and discovery has not yet commenced.

Plaintiffs' Complaint alleges 17 causes of action against numerous defendants, to set aside trustee's sale, to cancel trustee's deed, to quiet title, for an accounting, for breach of contract, for breach of covenant of good faith and fair dealing, for negligence, for fraud (intentional), for fraud (negligent), for breach of fiduciary duty, for imposition of a constructive trust, for specific

1  performance, for declaratory relief, for violation of the Truth in Lending Act, for relief under
2  (California) Business & Professions Code § 17200, for intentional infliction of emotional distress,
3  and for negligent infliction of emotional distress. Plaintiffs seek punitive damages.

4      Aurora has grounds to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure
5  ("FRCP") 12(b)(6), summarized as follows:

6      Plaintiff Judy Zimmerman lacks standing to pursue any claims against Aurora because she
7  was not a co-owner of the property and she signed none of the loan documents or the repayment
8  agreements at issue in this case. All claims of Judy Zimmerman must be dismissed.

9      Plaintiffs' claims in equity must fail because Plaintiffs have made no effort to tender sums
10  due under the foreclosed Deed of Trust. Plaintiffs' oral contract claims fail because Plaintiffs have
11  not pled sufficient facts to escape the bar of the parol evidence rule or the statute of frauds.
12  Plaintiffs' fraud claims based upon a breach of the alleged oral contract fail both because the oral
13  contract has not been properly pled and because the fraud claims have not been alleged with any
14  particularity as required by FRCP 9.

15      Plaintiffs claim that statutes were violated and name the Truth in Lending Act ("TILA"),
16  Home Ownership Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures
17  Act ("RESPA") (together, the "federal lending statutes"), but fail to state how or why any statute is
18  implicated and what Aurora did or did not do that caused the violation. Plaintiffs' claim for
19  restitution under Business and Professions §17200 ("§17200") based upon the alleged violations of
20  the federal lending statutes also fails because the requisite underlying statutory violation has not
21  been pled. The §17200 claim also fails because it is uncertain; nothing in the Complaint indicates
22  what provisions of the federal lending statutes were violated and how §17200 is applicable.
23  Furthermore, the §17200 claim is preempted by federal law and Plaintiffs cannot use §17200 to
24  regulate Aurora's activities in this case.

25      Plaintiffs' tort claims for negligence, breach of fiduciary duty and emotional distress have
26  no merit because Aurora owed no duty of care to Plaintiffs and Plaintiffs have failed to allege the
27  facts necessary to plead that any fiduciary duty arose.

28  / / /

1  Finally, Plaintiffs fail to state a sufficient basis for an award of punitive damages. As such, if Plaintiffs' Complaint is not dismissed in its entirety, the claims for punitive damages should be stricken from the Complaint.

Plaintiffs' Complaint and the rightful protection and interposition of Aurora's legal rights and defenses have compelled and required Aurora to maintain a defense, hire attorneys and respond to Plaintiffs' claims. The issues summarized above are more particularly stated in Aurora's Motion to Dismiss. Aurora has prepared and submitted its Motion to Dismiss, and is seeking to have it filed in this Court before the Initial Case Management Conference, and by this ex parte application, for the reasons herein stated, Aurora seeks leave of court to have its Motion to Dismiss be filed, or deemed filed, and so as to allow the hearing on such motion to proceed for hearing on October 6, 2008.

## II.  ARGUMENT

Federal Rule of Civil Procedure, Rule 81 (c)(2)(A) requires that a defendant file an answer to a complaint that has been removed from state court within 20 days of the receipt of the copy of the initial pleading. Although Aurora has not been served with (and has not even seen) a complete copy of the Complaint with all exhibits, Aurora became aware of the filing in state court and initiated removal. Federal Rule of Civil Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer. However, due to Standing Order Number 4, Aurora has submitted but is unable to file its motion to dismiss until after the initial case management conference, without the leave of court herein requested. Thus, Aurora is faced with the prospect of incurring substantial legal fees and costs by having to file an answer and respond to party discovery in an action that fails to state facts sufficient to constitute a cause of action, and which is otherwise barred by issues such as statutes of limitation, statutory inapplicability and pre-emption.

Based on the foregoing, Defendant respectfully requests this Court grant this *ex parte* application and allow Aurora's Motion to Dismiss, served and submitted but not yet filed, to be filed prior to the initial case management conference, or deemed filed. Defendant further requests that such filing, or date the Motion is deemed filed, accommodate the current noticed hearing date of October 6, 2008. In the event that the Court denies the Application, Aurora requests that the

- 5 -

Court extend the time for its initial responsive pleading until 20 days after the initial case management conference.  The complaint in this action is voluminous and forcing Aurora to provide specific answer the voluminous factual allegations in light of the legal bars to the action would cause Aurora to incur unnecessary and significant legal fees.

Dated:  August 28, 2008

                                      SMITH DOLLAR PC

                            By____/S/_____
                               Rachel M. Dollar
                               Attorneys for Defendant Aurora Loan Services,
                               LLC, erroneously sued as Aurora Loan Services,
                               a Lehman Brothers Company



## [PROPOSED] ORDER

Having considered the *ex parte* application by Aurora Loan Services, LLC ("Aurora") for an order permitting Aurora to file its Motion to Dismiss Plaintiffs' Complaint or to Strike Claims for Punitive Damages, and good cause appearing therefor, IT IS HEREBY ORDERED that the *ex parte* application is GRANTED.

The Notice of Motion, Motion to Dismiss and [Proposed] Order, shall be deemed filed as of _____, 2008, or shall be filed and served by no later than _____, 2008. The hearing on this motion is set for _____, 2008 at _____. Any opposition to the motion shall be filed and served by _____, 2008. Any reply to the opposition shall be filed and served by _____, 2008.

OR

The time within which Aurora may file its initial pleading in this action is hereby extended to a date twenty (20) days following the initial case management conference.

Dated: _____

By_____
Honorable Marilyn H. Patel

