UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. ZIMMERMAN, JUDY A. ZIMMERMAN, | No. C 08-3731 MHP |
| Plaintiffs, | **ORDER** |
| v. | **Re: Defendant's Motion for Attorneys' Fees and Nontaxable Expenses** |
| AURORA LOAN SERVICES et al., | |
| Defendants. | |

Plaintiffs Scott K. Zimmerman and Judy A. Zimmerman brought this action against Aurora Loan Services ("Aurora") and others, in connection with the foreclosure of plaintiffs' home. In an order entered October 2, 2008, the court granted Aurora's unopposed motion to dismiss the action. Aurora moves unopposed once again to recover its attorneys' fees and nontaxable expenses, pursuant to Federal Rule of Civil Procedure 54(d) as well as paragraph 9 of the Deed of Trust, the underlying contract between the two parties.[1] Aurora has also filed a separate bill of costs related to court filing fees pursuant to Rule 54(d) and Northern District of California Local Rule 54. Scott K. Zimmerman, plaintiff and attorney of record for both plaintiffs, allegedly agreed to stipulate to the attorneys' fees and costs but failed to timely execute the stipulation delivered to him by Aurora on October 15, 2008, or to pay the fees. Dollar Dec.[2] ¶¶ 6-8. Aurora's motion remains unopposed.

The Deed of Trust, executed by Scott K. Zimmerman on December 20, 2004, provides for attorneys' fees to the prevailing party in any action where Aurora, as Lender, may take action to protect its security interest. See Def's Motion for Attorney's [sic] Fees, Exh. A, Paragraph 9. The

relevant provision states:

> If. . .there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights. . . Lender's actions can include . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower.

Deed of Trust, ¶ 9.

Aurora claims it is entitled to attorneys' fees and nontaxable expenses pursuant to the Deed of Trust as a result of this court granting Aurora's unopposed motion to dismiss the action. Aurora asks the court to award it $26,691.50 for the work of three attorneys. See Dollar Dec. ¶ 11; Oates Dec. ¶ 5; and McRee Dec. ¶ 4. Rachel M. Dollar expended 11.2 hours on this matter, at an hourly rate of $395, providing a total of $4,424.00 in services. Dollar Dec. ¶¶ 10-11. Sherrill A. Oates expended 65.3 hours, at an hourly rate of $325, for a total of $21,222.50 in services. Oates Dec. ¶¶ 4-5. Patrick S. McRee expended 3.8 hours, at an hourly rate of $275, for a total of $1,045.00 in services. McRee Dec. ¶¶ 3-4. As for nontaxable expenses, Aurora requests $1,171.11, which reflects "courier fees, routine postage, long distance telephone calls, facsimile, in-plan computerized research, local mileage, in-house photocopying and scanning costs." Dollar Dec. ¶ 12. Aurora also submits a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and Northern District of California Local Rule 54-1. Aurora's bill of taxable costs for $670.00 in filing fees includes $320.00 paid to the Superior Court of California in Contra Costa County and $350.00 paid to this court. See Dollar Dec. ISO Bill of Costs ¶¶ 5-6. On December 5, 2008, costs were taxed in the amount of $350.00 against plaintiffs by the clerk of the court. See Docket Entry No. 15.

Federal Rule of Civil Procedure 54(d) permits an award of costs other than attorneys' fees to a prevailing party as a matter of course. See Fed. R. Civ. Pro. 54(d)(1). This district's Civil Local Rule 54-1 sets out the procedures by which a prevailing party claiming costs must serve and file a bill of costs, requesting taxable expenses such as court filing fees, which Aurora has followed here. See N.D. Cal. Civ. L.R. 54-1, 54-3. Federal Rule of Civil Procedure 54(d) also permits a motion for attorneys' fees and nontaxable expenses to be resolved by local rules without extensive evidentiary hearings. See Fed. R. Civ. Pro. 54(d)(2)(D). This district's Civil Local Rule 54 sets out the specific procedures for requesting attorneys' fees, which Aurora has followed. See N.D. Cal. Civ. L.R. 54-

2

1  6(b) (requiring from the moving party a statement that counsel have conferred with respect to the
2  motion, a statement of the services rendered by each person, a summary of the time spent, a
3  statement describing the manner in which time records were maintained, a description of the
4  relevant qualifications and experience, and a statement of the customary hourly charges of each
5  person).

6  The court finds that Aurora is the prevailing party for purposes of an award of attorneys fees. See, e.g., Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co., 1998 WL 196472, *3 (N.D. Cal. 1998) (Patel, J.) (citing 10 Charles Alan Wright et al., Federal Practice and Procedure, § 2667, at 180 (2d ed. 1983) ("[A] dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party.").  In this case, Aurora has incurred unnecessary attorneys' fees and expenses defending itself against plaintiffs who have shown nothing less than complete indifference to the time and resources of both Aurora and the court.  Insofar as Aurora's counsel has stated in declarations that the requested costs are accurate, and plaintiffs' counsel has not submitted any evidence to refute them, the court finds that the amounts requested by Aurora are manifestly reasonable.  See, e.g., Niederer v. Ferreira, 189 Cal.App.3d 1485 (1987) (where a contract provides for attorneys' fees without specifying a specific sum, the trial court has "discretion to determine what constitutes reasonable attorneys' fees.")

18  Accordingly, and particularly because this motion is unopposed, Aurora's motion for attorneys' fees and nontaxable expenses is GRANTED and Aurora's bill of costs is GRANTED.  It is hereby ordered that Aurora is awarded $26,691.50 in attorneys' fees, $1,171.11 in nontaxable expenses, and $350.00 as taxed by the court.  In total, plaintiffs are ordered to pay Aurora $28,212.61. Plaintiffs shall pay to Aurora this amount within sixty (60) days of this order.

24  IT IS SO ORDERED.

26  Dated: January 12, 2009

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

### **ENDNOTES**

1. Aurora consistently refers to "paragraph 7" throughout its pleadings. Because paragraph 7 in the Deed of Trust furnished by Aurora is the section governing the "Preservation, Maintenance and Protection of the Property; Inspections," the court surmises that Aurora intended to rely on paragraph 9, which governs the "Protection of Lender's Interest in the Property and Rights Under This Security Instrument." See Def.'s Motion for Attorney's [sic] Fees, Exh. A.  The court makes this assumption despite the differences in wording from the text quoted by Aurora in its motion and the text of paragraph 9. See Def's Motion at 3:18-24 (allegedly quoting paragraph 7 of the Deed of Trusts). See also footnote 3 (correctly quoting the proper paragraph).  Aurora could avoid future confusion by taking the precaution to proofread its moving papers before filing them in federal court.

2. All references to declarations refer to those submitted in support of the instant motion for attorneys' fees and nontaxable expenses unless otherwise noted.